UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-3088 (TJK) |
| ) | |
| NATIONAL SECURITY AGENCY, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant National Security Agency hereby answers the separate paragraphs and prayer for relief contained in the Complaint ("Complaint") filed by Plaintiff Judicial Watch, Inc., as follows:

The allegations in the initial unnumbered paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

1. The allegations in this paragraph consist of legal conclusions, to which no response is required.

2. The allegations in this paragraph consist of legal conclusions, to which no response is required.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4. Defendant admits that NSA is a federal agency headquartered at the specified address. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

5. Defendant admits that NSA received two FOIA requests from Plaintiff dated September 1, 2020. Defendant respectfully refers the Court to those FOIA requests for a true and complete statement of their contents. To the extent that Plaintiff's description is inconsistent with those requests, Defendant denies the allegations in this paragraph.

6. Paragraph 6 purports to characterize one of the September 1, 2020 requests. Defendant avers that it appears to refer to the request that was received at 4:27pm on that date; Defendant denies that it was the "first request." Defendant respectfully refers the Court to those FOIA requests for a true and complete statement of their contents. To the extent that Plaintiff's description is inconsistent with those requests, Defendant denies the allegations in this paragraph.

7. Paragraph 7 purports to characterize one of the September 1, 2020 requests. Defendant avers that it appears to refer to the request that was received at 4:15pm on that date; Defendant denies that it was the "second request." Defendant respectfully refers the Court to those FOIA requests for a true and complete statement of their contents. To the extent that Plaintiff's description is inconsistent with those requests, Defendant denies the allegations in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence, which relates to how Plaintiff drafted its requests. The remainder of the allegations in this paragraph purport to characterize and describe a May 13, 2020 letter from Richard Grenell to two Senators, and the attached, declassified NSA document dated May 4, 2020, both attached to the Complaint. Defendant respectfully refers the Court to those documents for a true and complete statement of their contents. To the extent that Plaintiff's description is inconsistent with those documents, Defendant denies the allegations in this paragraph.

9. Defendant admits that it acknowledged receipt of Plaintiff's September 1, 2020 requests by two letters dated September 9, 2020. Defendant respectfully refers the Court to those

September 9, 2020 letters for a true and complete statement of their contents.  To the extent that Plaintiff's description is inconsistent with those letters, Defendant denies the allegations in this paragraph.

10. Defendant admits that it has not provided Plaintiff with a letter indicating whether responsive records exist or whether records are being lawfully withheld pursuant to a FOIA exemption.  Defendant also admits that it has not produced any records in response to Plaintiff's FOIA request.  Defendant denies any implication that it is not complying with FOIA or that it has determined whether responsive records exist.

11. Defendant realleges its responses to paragraphs 1-10 of the Complaint.

12. Denied.

13. Denied.

14. The allegations in this paragraph consist of legal conclusions, to which no response is required.

15. Defendant admits that it has not yet made a final determination on Plaintiff's September 1, 2020 FOIA requests.  The allegations in this paragraph otherwise consist of legal conclusions, to which no response is required.

The remaining allegations in the Complaint constitute a prayer for relief, to which no answer is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.  Defendant hereby denies all allegations in Plaintiffs' Complaint not expressly admitted or denied.

## DEFENSES

1. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

2. Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA.

3. Defendant has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiffs' FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

Dated:  December 18, 2020                                  Respectfully Submitted,

                                                           JEFFREY BOSSERT CLARK
                                                           Acting Assistant Attorney General

                                                           ELIZABETH J. SHAPIRO
                                                           Deputy Director, Federal Programs Branch

                                                           */s/Amy E. Powell*
                                                           AMY E. POWELL
                                                           Trial Attorney, Federal Programs Branch
                                                           Civil Division, Department of Justice
                                                           c/o U.S. Attorney's Office
                                                           150 Fayetteville St., Suite 2100
                                                           Raleigh, NC 2760
                                                           Phone: 919-856-4013
                                                           Email:  amy.powell@usdoj.gov